**JUSTICE JAGHER LONDON & MILLEN LLC**
MATTHEW W. RUAN, SBN 264409
mruan@jjlmlaw.com
JONATHAN M. JAGHER (*pro hac vice* forthcoming)
jjagher@jjlmlaw.com
NICHOLAS R. LANGE (*pro hac vice* forthcoming)
nlange@jjlmlaw.com
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
Telephone: (224) 632-4500

**KAHN SWICK & FOTI, LLC**
JOHN A. CARRIEL (*pro hac vice* forthcoming)
john.carriel@ksfcounsel.com
1100 Poydras Street, Suite 960
New Orleans, LA 70163
Telephone: (504) 503-0578

*Attorneys for Plaintiffs*

**TROUTMAN PEPPER LOCKE LLP**
CHLOE ANN LEE, SBN 351040
chloeann.lee@troutman.com
100 Spectrum Center Drive, Suite 1500
Irvine, CA 92618
Telephone: (949) 622-2700
Facsimile: (949) 622-2739

Angelo A. Stio III (*pro hac vice* forthcoming)
Angelo.Stio@Troutman.com
104 Carnegie Center Dr., Suite 203
Princeton, New Jesey 08540
Telephone – (609) 951-4125

Dustin L. Taylor (*pro hac vice* forthcoming)
Dustin.Taylor@Troutman.com
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308
Telephone – (404) 885-3000

*Attorneys for Defendants*
*The Nielsen Company (US), LLC and Gracenote, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

AMANDA FRYSLIE, ARMANDO LLACUNA, and BADRUL ULA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

THE NIELSEN COMPANY (US), LLC and GRACENOTE, INC.,

Defendants.

Case No. 4:26-cv-08477-HSG

**JOINT CASE MANAGEMENT STATEMENT**

Date: September 22, 2026
Time: 2:00 p.m.
Videoconference

Action Filed: July 10, 2026

Honorable Haywood S. Gilliam, Jr.

Plaintiffs Amanda Fryslie, Armando Llacuna, and Badrul Ula ("Plaintiffs") and Defendants The Nielsen Company (US), LLC ("Nielsen") and Gracenote, Inc. ("Gracenote," together with Nielsen, "Defendants"), by and through their respective counsel of record, hereby submit the following Joint Case Management Statement pursuant to the Clerk's Notice Setting Case Management Conference for Reassigned Civil Case (Dkt. 14), Federal Rule of Civil Procedure 26, Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California in advance of the Initial Case Management Conference scheduled in the above-captioned case for September 8, 2026 at 2:00 p.m. before the Honorable Haywood S. Gilliam, Jr., to be held by Zoom videoconference.

**1. JURISDICTION AND SERVICE**

Defendants have been served. There are no other defendants in this action.

On August 14, 2026, Defendants removed this action from the Superior Court of the State of California, County of Alameda, to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"). Dkt. 1. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because this is a class action in which the amount in controversy for the class exceeds $5,000,000, there are more than 100 putative members of the alleged Class, and at least one member of the putative Class is a citizen of a state different from Defendants.

**2. FACTS**

**a. Plaintiffs' Statement**

Plaintiffs allege that Nielsen and its wholly owned subsidiary Gracenote surreptitiously intercept, collect, and monetize consumers' communications and personal information across the internet, mobile applications, and home televisions. Plaintiffs allege that Nielsen embeds invisible tracking code, including cookies, pixels, tags, and software development kits ("SDKs") (collectively, the "Tracking Technologies"), on thousands of websites and mobile applications, including but not limited to ESPN.com, the ESPN mobile application, FoxBusiness.com, FoxSports.com, the Fox Sports mobile application, and the video streaming application Tubi. When a user visits a website or uses an application in which the Tracking Technologies are embedded, the Tracking Technologies cause the user's own browser or device to transmit the user's communications, including the full URL of each

page viewed, search terms, the content viewed, interaction events, IP addresses, and device information, in real time to servers controlled by Nielsen. Plaintiffs further allege that, through Gracenote's automatic content recognition ("ACR") software embedded in millions of Smart TVs, Defendants extend this surveillance into the home itself: ACR software captures and fingerprints what is displayed on the television screen, regardless of source, including cable and broadcast programming, streaming services, DVDs and Blu-ray discs, video games, and anything else displayed through the television's HDMI inputs, and transmits that data, together with device identifiers, to Defendants in real time.

Plaintiffs further allege that Nielsen combines these intercepted communications with unique, persistent identifiers, including its "IMRID" browser cookie, mobile advertising identifiers, hashed email addresses, IP addresses, and Smart TV device identifiers, as well as offline data purchased from credit bureaus and data brokers, to build a unique, persistent consumer profile for each user through Nielsen's "Identity System." Plaintiffs allege that Defendants use and monetize those profiles for their own commercial purposes, including through audience measurement, segmentation, targeting, and attribution products, and that consumers, who have no relationship with Nielsen and are never presented with Nielsen's terms of use or privacy statements, never consented to any of this conduct. Plaintiffs assert the following claims on behalf of themselves and a proposed Class of California residents: violations of Sections 631, 638.51, and 632 of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 631, 638.51, and 632 (Counts I through III); violation of the California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502 (Count IV); Invasion of Privacy under Article I, Section 1 of the California Constitution (Count V); violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*. (Count VI); and Common Law Invasion of Privacy – Intrusion Upon Seclusion (Count VII).

**b. Defendants' Statement**

Nielsen provides media measurement services to publishers, broadcasters, and advertisers. Nielsen's core measurement methodology is based on survey measurement panels comprised of individuals who consent to have the media interactions tracked and shared through express informed

consent before any data is collected and sued for measurement purposes. Gracenote is a Nielsen affiliate that provides solutions that enable media companies to provide personalized and seamless viewer experiences across platforms.

Defendants deny all liability in this matter and deny that they knowingly collected and disclosed personally identifiable information with consent through use of the tracking technologies outlined in the Complaint. In addition, Defendants deny they engaged in any form of eavesdropping, deny they invaded anyone's privacy, deny they were enriched to the detriment of any putative class member, and deny they violated the California Invasion of Privacy Act, the California Constitution, Article I, §1, the California Business & Professional Code, §17200, or any common law applicable to the conduct alleged in the Complaint.

Separately, Defendants also dispute they have any liability for any claims arising from the use of video automatic content recognition ("ACR") (i.e., claims related to the alleged collection of data from Smart TVs). Nielsen sold its video ACR and dynamic ad insertion ("DAI") technology business in April 2021 and therefore claims premised on the alleged use of these technologies have no merit.

Finally, Defendants dispute that Plaintiffs will be able to certify any class in this case given the individualized issues related to consent, privacy settings and damages that may exist.

**3. LEGAL ISSUES**

The Parties identify the following principal issues currently in dispute:

- Whether Plaintiffs and putative Class Members had a reasonable expectation of privacy under the circumstances alleged;
- Whether Defendants' alleged Tracking Technologies and ACR software intercepted, read, or attempted to read or learn the contents of Plaintiffs' and Class Members' communications while in transit, in violation of Cal. Penal Code § 631;
- Whether Plaintiffs have any legitimate basis to pursue claims premised on Defendants' alleged use of video ACR when Nielsen purportedly sold this business unit in April 2021;
- Whether Defendants' technologies constitute "pen registers" or "trap and trace devices" that were installed or used without a court order, in violation of Cal. Penal Code § 638.51;

- Whether Plaintiffs can maintain a claim under Cal. Penal Code § 638.51 in view of California Senate Bill 690, which has passed the California legislature and is currently set for signature by Governor Newsom
- Whether Defendants intentionally recorded or eavesdropped upon confidential communications without the consent of all parties, in violation of Cal. Penal Code § 632;
- Whether Defendants knowingly accessed and without permission used Plaintiffs' and Class Members' computers, computer systems, and data, in violation of Cal. Penal Code § 502;
- Whether Plaintiffs or any putative Class Members consented to Defendants' alleged tracking and sharing of data;
- Whether Plaintiffs or any putative Class Members can establish they suffered any damages individually or on a classwide basis.
- Whether Defendants' conduct violates Plaintiffs' and Class Members' privacy rights as provided by the California Constitution;
- Whether Defendants' actions violated California's Unfair Competition Law, Bus. and Prof. Code § 17200 *et seq*.;
- Whether Defendants' conduct constitutes an intrusion upon seclusion that would be highly offensive to a reasonable person;
- Whether this case is suitable for class treatment and certification; and
- Whether Plaintiffs and the Class are entitled to statutory, compensatory, and/or punitive damages, restitution, attorneys' fees and costs, and injunctive and/or declaratory relief.

**4. MOTIONS**

**a. Prior Motions**

No motions have yet been filed in this action. On August 18, 2026, the Parties filed a stipulation pursuant to Civil Local Rule 6-1(a) extending Defendants' deadline to respond to the Complaint to October 5, 2026. Dkt. 8. Plaintiffs' counsel anticipates filing applications for admission *pro hac vice*.

**b. Plaintiffs' Anticipated Motions:**

Plaintiffs may file a motion for partial or full summary judgment, if appropriate in light of the factual record, including as to liability for particular causes of action. Plaintiffs also intend to file a motion for class certification after discovery is substantially complete or, if appropriate under the circumstances, at an earlier juncture.

**c. Defendants' Anticipated Motions:**

Defendants anticipate filing a motion to dismiss the Complaint on or before October 5, 2026, the current deadline for Defendants to respond to the Complaint. Dkt. 8. Should any claims survive after the motion is decided, Defendants may also file a motion for partial or full summary judgment, if appropriate considering the factual record at that time. Defendants will oppose any forthcoming motion by Plaintiffs to certify a class or any motion by Plaintiffs for full or partial summary judgment.

**5. AMENDMENT OF PLEADINGS**

Plaintiffs filed their Complaint in the Superior Court of the State of California, County of Alameda on July 10, 2026, and Defendants removed the action to this Court on August 14, 2026. Dkt. 1. Plaintiffs do not presently intend to amend their complaint to add additional parties as defendants.

Plaintiffs do not at this time anticipate filing an amended complaint. However, Plaintiffs may amend their pleadings, including the parties, claims, or defenses, consistent with the Federal Rules of Civil Procedure or with leave of Court upon a showing of good cause. As set forth in Section 8, *infra*, the parties propose a deadline of December 18, 2026 for amendments to the pleadings.

**6. EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have had an initial conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

At this time, the Parties are unaware of any issues with disclosure or discovery of electronically stored information ("ESI"). The Parties do not anticipate any preservation issues. Defendants have compiled certain hard copy documents and preserved electronic information that is relevant to the allegations in the Complaint to the extent that such material has been identified. Defendants have taken

steps to preserve computer-based information. The Parties have not yet identified whether there are proportionality issues that will require the Court's intervention under Rule 26(b)(2)(B).

The Parties have agreed that to the extent that ESI discovery is sought, and before engaging in such discovery, they will meet and confer to determine a list of custodians, search terms and temporal limitation for electronic searches.

**7. DISCLOSURES**

The parties conducted their Rule 26(f) conference on September 1, 2026 and, as set forth in Section 8, *infra*, the parties propose exchanging initial disclosures pursuant to Rule 26(a)(1) by September 22, 2026. The disclosures will include the topics enumerated in Rule 26(a)(1) of the Federal Rules of Civil Procedure. The parties do not believe any changes need to be made in the form or requirement of the disclosures.

**8. DISCOVERY**

As of the date of this filing, the parties have not engaged in any discovery. The parties consent and agree, pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, that service may be made by electronic mail, with copies sent to all attorneys of record for the party served.

**a. Discovery taken to date**

The parties have not yet conducted discovery.

**b. The subjects on which discovery may be needed.**

As to discovery generally, the full scope of discovery is not known at this time. However, Plaintiffs anticipate seeking discovery relevant to the parties' claims and defenses, including on the following topics: how Defendants collect, share, and use consumers' communications, viewing data, and other personal information through the Tracking Technologies deployed on third-party websites and mobile applications and through ACR technology active on Smart TVs; Defendants' interception of Plaintiffs' and Class Members' communications with third parties; Defendants' combination of intercepted communications with unique identifiers and third-party data, including through the Nielsen Identity System; Defendants' notices or communications, or lack thereof, to Plaintiffs and Class

Members regarding the same; and Defendants' revenues, profits, and other benefits from the alleged conduct.

Defendants anticipate seeking discovery from Plaintiffs on their claims, including but not limited to materials related to the web browsing devices the Plaintiffs allegedly utilized, Plaintiffs' social media memberships and activities, Plaintiffs access to the websites, applications, and Smart TVs at issue in the Complaint, and Plaintiffs' alleged harm and/or damages.

The parties also reserve the right to seek third-party discovery.

**c. Changes that should be made to the limitations on discovery (Fed. R. Civ. P. 26(f)(3)(E))**

The parties do not request any changes to the limitations on discovery at this time. Should either Party require additional discovery or seek limitations beyond what is provided by Rule 26 or the Local Rules, the parties believe the best course of action is to meet and confer on any such request and submit requests to the Court as may be necessary.

**d. Production of ESI**

The parties believe that they should prepare and present a stipulated protocol for ESI production to the Court as soon as is practicable. The parties also anticipate negotiating a stipulated protective order and an order pursuant to Federal Rule of Evidence 502(d), which they will present to the Court.

**e. Identified discovery disputes.**

Other than as noted herein, the parties have not identified discovery disputes.

**9. CLASS ACTIONS**

All attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

**a. Plaintiffs' Statement:**

This matter is a putative class action. As set forth in Section 8, *supra*, Plaintiffs anticipate filing a motion for class certification by January 10, 2028 seeking to certify the following Class:

> **Class**: All California residents who, during the Class Period: (a) visited a website or used an application on which Nielsen's Tracking Technologies were deployed, including but not limited to ESPN.com, the ESPN mobile application, FoxBusiness.com, FoxSports.com, the Fox Sports mobile application, and Tubi; or

(b) viewed content on an internet-connected Smart TV as to which ACR-derived viewing data was collected by, transmitted to, licensed to, or otherwise obtained by Defendants; or (c) otherwise had their communications or personal information collected by Defendants through the tracking and content-recognition technologies described in the Complaint, during the applicable limitations period before and after the filing of the Complaint and through and including the date of resolution.

**b. Defendants' Statement**

Defendants dispute that this case can be certified as a class. Each putative class member's claim is individualized and will, at a minimum, involve unique questions of fact, including but not limited to: (1) whether the individual consented to the alleged tracking (e.g., through website terms of use, privacy policies, or browser settings); (2) whether the individuals had participated in Nielsen panels more than one year prior to the filing of the complaint; (3) the individual's browser settings when the visited the websites, applications or Smart TVs at issue; (4) whether the user was logged into any social media account that may have affected what information was transmitted; (5) whether the individual engaged in interactions with the website(s) at issue that generated any protected "content" (as opposed to routine record information); and (6) whether each individual suffered damages of any kind.

**10. RELATED CASES**

The parties are not currently aware of any cases meeting the requirements of Civil Local Rule 3-12 as interpreted by courts in this district that have been filed in this Court.

**11. RELIEF**

**a. Plaintiffs' Statement**

As set forth in the Complaint, Plaintiffs request that the Court grant relief for Defendants' violations of applicable law, including, *inter alia*:

- An order certifying the Class and appointing Plaintiffs as representatives of the Class and their counsel as Class Counsel;
- Statutory damages of $5,000 per violation pursuant to Cal. Penal Code § 637.2;
- Compensatory, nominal, and punitive damages;
- Restitution and disgorgement of all ill-gotten gains acquired by means of Defendants' unlawful and unfair practices;
- Preliminary and permanent injunctive relief requiring Defendants to cease the unlawful

conduct alleged in the Complaint, including to cease intercepting Class Members' communications, to delete all data and profiles derived from that conduct, and to cease the sale and commercial use of such data;

- Reasonable attorneys' fees and costs, including pursuant to Cal. Penal Code § 502(e)(2) and Cal. Code Civ. Proc. § 1021.5; and
- Pre- and post-judgment interest.

**b. Defendants' Statement**

Defendants deny that Plaintiffs are entitled to any relief and deny the Plaintiffs have sustained any damages. Defendants have not yet filed any counterclaims but reserve the right to do so when they respond to Plaintiffs' Complaint.

**12. SETTLEMENT AND ADR**

**a. Joint Statement**

Per ADR L.R. 3-5, the parties and their counsel have read the handbook entitled "Dispute Resolution Procedures in the Northern District of California," available at www.adr.cand.uscourts.gov, and will timely file their ADR Certifications pursuant to ADR L.R. 3-5(b).

**b. Plaintiffs' Statement**

Plaintiffs are amenable to participating in private mediation at an appropriate time, upon Defendants producing confirmatory discovery needed to formulate a demand aimed at a class-wide resolution of all claims.

**c. Defendants' Statement**

Defendants do not believe a private mediation is appropriate at this time. There are still threshold issues that need to be resolved before any mediation can occur, including but not limited to, whether any collection of data occurred without consent, and whether Plaintiffs' claims premised on use of video AVR are cognizable given Nielsen's sale of that business in April 2021.

**13. OTHER REFERENCES**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time. The parties reserve their rights on the suitability of these mechanisms if facts or circumstances change.

**14. NARROWING OF ISSUES**

The Parties are presently unaware of any stipulations or agreements that could narrow the issues at this time. The parties agree to work together in good faith to identify any such issues as the case progresses.

**15. SCHEDULING**

The Parties propose the discovery schedule set forth *supra* in Section 8.

| Event | Proposed Deadline |
|---|---|
| Exchange of Rule 26(a)(1) Initial Disclosures | September 22, 2026 |
| Deadline to amend pleadings | December 18, 2026 |
| Deadline to complete private mediation | June 30, 2027 |
| Completion of all fact discovery | September 13, 2027 |
| Deadline to file motion for class certification | November 29, 2027 |
| Deadline for Plaintiffs to serve any expert report(s) | November 29, 2027 |
| Deadline for Plaintiffs to produce experts for depositions | December 30, 2027 |
| Deadline for Defendants to oppose class certification | January 29, 2028 |
| Deadline for Defendants to serve any expert report(s) | January 29, 2028 |
| Deadline for Defendants to produce experts for depositions | February 24, 2028 |
| Deadline for Plaintiffs to file their reply brief in support of motion for class certification | March 17, 2028 |
| Last day to file dispositive and *Daubert* motions | May 1, 2028 |
| Last day to hear dispositive and *Daubert* motions | September 7, 2028 |
| Final Pretrial Conference | December 5, 2028 |
| Jury trial begins | January 8, 2029 |

**16. TRIAL**

Plaintiffs have requested a trial by jury. The Parties believe that a trial time and number of witnesses will be clearer after the Court rules on the forthcoming motion for class certification, which will inform whether this case can proceed as a class action and, if so, the scope of any certified class. Currently, the Parties estimate the trial in this case to last at least seven days and possibly more depending on the discovery and the nature of the defenses and counterclaims Defendants may raise in their answer to the Complaint and thereafter.

**17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendants filed their Certificate of Interested Entities or Persons on August 14, 2026, pursuant to Civil Local Rule 3-15. Dkt. 4. Defendants also filed corporate disclosure statements pursuant to Federal Rule of Civil Procedure 7.1, identifying Nielsen Corporation as the corporate parent of Nielsen and Brookfield Corporation as an affiliate of Nielsen, and identifying The Nielsen Company (US), LLC as the corporate parent of Gracenote. Dkts. 2, 3. Plaintiffs are filing their Certification of Interested Entities or Persons concurrently with this Statement, which identifies no party beyond Plaintiffs and Defendants that has a financial or other relevant interest in the subject matter of this action.

**18. PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct in the Northern District of California.

**19. ANY OTHER MATTERS**

The Parties have no other matters to raise at this time.

Dated: September 1, 2026

By: */s/ Matthew W. Ruan*

**JUSTICE JAGHER LONDON & MILLEN LLC**
MATTHEW W. RUAN, SBN 264409
mruan@jjlmlaw.com
JONATHAN M. JAGHER (*pro hac vice* forthcoming)
jjagher@jjlmlaw.com

NICHOLAS R. LANGE (*pro hac vice* forthcoming)
nlange@jjlmlaw.com
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
Telephone: (224) 632-4500

**KAHN SWICK & FOTI, LLC**
John A. Carriel
JOHN A. CARRIEL (*pro hac vice* forthcoming)
john.carriel@ksfcounsel.com
1100 Poydras Street, Suite 960
New Orleans, LA 70163
Telephone: (504) 503-0578

*Attorneys for Plaintiffs*

Dated: September 1, 2026

By: */s/ Chloe Ann Lee*

**TROUTMAN PEPPER LOCKE LLP**
CHLOE ANN LEE, SBN 351040
chloeann.lee@troutman.com
100 Spectrum Center Drive, Suite 1500
Irvine, CA 92618
Telephone: (949) 622-2700
Facsimile: (949) 622-2739

Angelo A. Stio III (pro hac vice forthcoming)
Angelo.Stio@troutman.com
104 Carnegie Center Dr., Suite 203
Princeton, New Jesey 08540
Telephone – (609) 951-4125

Dustin L. Taylor (pro hac vice forthcoming)
Dustin.Taylor@troutman.com
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308
Telephone – (404) 885-3000

*Attorneys for Defendants The Nielsen Company (US), LLC and Gracenote, Inc.*

## CIVIL L.R. 5-1(i)(3) ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I, Chloe Ann Lee, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: September 1, 2026

By: */s/ Chloe Ann Lee*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the document(s) **JOINT CASE MANAGEMENT STATEMENT** with the Clerk of the Court for the United States District Court, Northern District of California by using the Court's CM/ECF system on September 1, 2026.

I certify that all participants in this case are registered CM/ECF users and that the service will be accomplished by the Court's CM/ECF system.

I declare under penalty of perjury of the laws of the Unites States of America that I am employed by a member of the Bar of this Court at whose direction the service is made and that the foregoing is true and correct.

Executed on September 1, 2026, at Irvine, California.

Janine Philips